[Civ. No. 2936. Second Appellate District, Division One.—June 1, 1920.]

R. C. HASKETT, Appellant, v. C. B. HARTWICK et al., Respondents.

[1] CLAIM AND DELIVERY—RECOVERY OF AUTOMOBILE—OWNERSHIP AND POSSESSION—EVIDENCE—UNSUPPORTED FINDING.—In this action by the vendor against the vendee and others claiming under said vendee as innocent purchasers, to recover possession of an automobile sold by plaintiff under a conditional sale agreement, the findings of the trial court that plaintiff was not the owner or entitled to possession of the automobile, but that the defendant named by plaintiff as his vendee had purchased the property from a certain motor-car company and that said motor-car company was the owner thereof at the time of said sale, was contrary to the uncontradicted testimony of plaintiff showing that the deal between said defendant and the motor-car company fell through, that he thereupon bought the car from said motor-car company and conditionally sold it to said defendant, reserving title to himself until all payments had been made.

APPEAL from a judgment of the Superior Court of Kern County. Milton T. Farmer, Judge. Reversed.

The facts are stated in the opinion of the court.

E. A. Klein for Appellant.

E. J. Emmons for Respondents.

JAMES, J.—Plaintiff in this action brought to recover the possession of an automobile was aggrieved by the judgment entered against him; hence this appeal.

Defendant Hartwick had possession of the automobile in question. He attempted to transfer title thereto for a valuable consideration to Berges, and Berges in turn attempted to sell the machine to Swett. Berges and Swett appear as alleged innocent purchasers resisting the claim of Haskett, the plaintiff. In support of his side of the case, plaintiff introduced a conditional sale contract made between him and Hartwick whereby he agreed to sell and Hartwick agreed to buy the automobile. An initial payment on account was acknowledged in the writing to have been received by Haskett, and monthly installments were provided to be paid until the whole sum agreed upon was satisfied. In the meantime the contract contained provisions reserving title in the vendor and providing that in case of default in payments Haskett might take possession of the property. All of these provisions were the familiar ones usually contained in contracts of that kind. Haskett's testimony further showed that payments as agreed upon had not been made by Hartwick. Plaintiff, learning that Hartwick had attempted to dispose of the machine and that it had passed out of his possession, resting finally in the hands of Swett, brought this action to recover possession or the value of the automobile. The original parties defendant were Hartwick and Swett; Berges having afterward been permitted to intervene and become a party to the suit. Berges' defense was similar to that of Swett. We do not find that any appearance was made on the part of Hartwick. By the answers and the intervention pleading, issue was made as to the ownership of the automobile being in the plaintiff and

facts were alleged for the purpose of showing that plaintiff was estopped from denying the authority of Hartwick to transfer title to the machine.

[1] The material point in the case is as to whether the evidence sustains the findings of the trial judge. In those findings it was determined that the plaintiff was not the owner or entitled to possession of the automobile; that Hartwick had purchased the property from a motor-car company in the city of Los Angeles on August 18, 1917, and that said motor-car company was the. owner thereof at the time of said sale. The judgment was that plaintiff take nothing, and the defendants Berges and Swett recover their costs. In order to establish ownership in Hartwick, Berges and Swett called a bookkeeper of the Leach Motor Car Company, the original vendor of the machine, who testified that the books of that company showed a transaction had with Hartwick, commencing on August 18th and concluded on the 20th, whereby the company sold to Hartwick the automobile. This bookkeeper spoke only by the authority of the records in his possession, and had no direct part in the claimed transaction had with Hartwick. On the other hand, plaintiff produced a bill of sale of the machine made directly to him by the same motor-car company and dated August 20th. He supplemented that evidence with the sworn testimony that he (the plaintiff) was engaged in a brokerage business in the course of which he purchased automobiles for persons who desired them and made sale of the desired automobiles to such persons upon similar contracts as that which he exhibited and which he testified had been signed by Hartwick; that at about the date of the bill of sale Hartwick had requested that he purchase for him from the Leach Motor Car Company the automobile in question, and that he (the plaintiff) had, after agreeing upon the terms of the contract, made a bargain with the motor-car people and had actually received delivery of the automobile on the premises of the Leach Company, and had then turned it over to Hartwick under the contract already referred to. When his attention was called to the fact that it appeared that Hartwick had had dealings with the Leach Company regarding the same machine, he testified that he knew in fact that Hartwick had had negotiations affecting the same car; that Hartwick had turned in an old automobile on

account and had given a check, which check was dishonored for lack of funds, and that the motor-car company had canceled the sale before delivery was made to Hartwick. The testimony of the plaintiff was in nowise contradicted, unless it may be said that the testimony of the bookkeeper of the Leach Company presented a contradiction as to the facts. The case, as we view it upon the evidence, presented no such conflict. Plaintiff produced Hartwick's written contract as to the making of which there was no denial whatsoever. By that contract it appeared that plaintiff had conditionally sold to Hartwick the automobile, reserving title in himself until all payments had been made. No witness was introduced to contradict plaintiff's statement as to the termination of the negotiations between Hartwick and the motor-car company looking to a sale of the machine to the former. Plaintiff's testimony was, as already noted, that that deal had fallen through because Hartwick's check given in part payment of the price was dishonored. The mere fact that upon the books of the Leach Company there appeared a record of a transaction with Hartwick was not inconsistent at all with the explanation given by plaintiff of that transaction. That the motor-car company did not cancel that record, or make an entry evidencing the nullity of the purported deal with Hartwick, indicates only that such was not their method of bookkeeping or that they had been neglectful in recording the facts showing the termination of the transaction. The evidence did not show facts sufficient to justify the legal conclusion that the plaintiff by any act of his became estopped from asserting his title and right to possession of the automobile as against subsequent purchasers thereof; neither did the court so find.

For the reasons given, it seems quite plain that the determination of the trial court cannot be sustained.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 30, 1920.

All the Justices concurred.